30469. SMITH et al. v. THE STATE.

Hall, Justice.

Appellants were jointly tried and each was convicted of one count of rape and two counts of aggravated sodomy.

1. As the assistant district attorney rose to cross examine appellant Bickers, he alluded to alleged differences in Bickers' testimony from that given by him at an earlier trial, and commended him on his "story-telling." The court rebuked counsel in the jury's presence, and instructed them to disregard the remarks. Further questioning showed without objection that there were numerous particulars in which Bickers' testimony was different from that at the first trial. We conclude that the court's action adequately remedied any prejudice to defendants flowing from the remark. The enumeration on the ground that a mistrial should have been granted because a fair trial was thereafter impossible, is without merit. The additional claim, raised here for the first time, that Bickers' character was thus put in evidence, is similarly without merit.

2. Appellants claim that the doctor should not have been allowed to recite certain of prosecutrix' exact words

to him (which he wrote down at the time) because this testimony did not qualify under Code Ann. § 38-1707, is without merit. The doctor swore positively from the paper that that was what she told him. The enumeration is that "no foundation was laid as to the failing of the doctor's memory" to require its refreshment by this writing. There is no need for any such "foundation."

3. The third enumeration is that the record fails to show whether the jury were sworn as required by Code. Ann. § 59-709. Such a record, without more, would not constitute reversible error. *Dalton v. State,* 127 Ga. App. 504 (194 SE2d 268) (1972). The prosecutor moved to amend the transcript in accordance with the procedure established in Code Ann. § 6-805 (f) for use where the contention is made that the transcript is inadequate. The court held a hearing at which 18 witnesses appeared, including all 12 jurors, and at the conclusion thereof found as a fact that the jury had been properly sworn. The supplemental record supports this conclusion, and the enumeration is without merit. See *Patterson v. State,* 233 Ga. 724, 731 (213 SE2d 612) (1975).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 4, 1975—DECIDED JANUARY 8, 1976.

*Robert C. Montgomery,* for appellants.
*William H. Ison, District Attorney, Douglas N. Peters, Assistant District Attorney,* for appellee.

