A94A2045. ADSIDE v. THE STATE.
(453 SE2d 139)

ANDREWS, Judge.

Adside was found guilty by a jury of the offenses of aggravated assault, possession of a firearm during the commission of a felony and misdemeanor obstruction of a law enforcement officer. He was found not guilty on a kidnapping charge.

1. Adside claims the evidence was insufficient to support the convictions.

The State presented testimony from the victim, Pitts, that Adside held a gun to her head. This testimony was clearly sufficient to allow the jury to conclude beyond a reasonable doubt that Adside was guilty of aggravated assault under OCGA § 16-5-21 and was guilty of possessing a firearm during the commission of the felony offense of

---

aggravated assault in violation of OCGA § 16-11-106.

As to the obstruction charge, Adside was indicted for "knowingly and willfully obstruct[ing] and hinder[ing] [four named] law enforcement officers engaged in the lawful discharge of their duties by attempting to run from officers to avoid arrest." Adside enumerates as error that the State failed to produce necessary evidence showing how he obstructed the officers in that there was no evidence that he ran from the officers to avoid arrest.

The evidence showed that police officers came to Adside's residence to investigate an earlier report that Pitts, Adside's ex-girlfriend, had been kidnapped at gunpoint by Adside. When the officers arrived, Pitts came out of the house, denied that Adside had a gun, and refused at that time to press any charges against Adside. At the request of the officers, Adside came out of the house to speak with the officers. The officers questioned Adside as he sat on the steps of the house, but obtained no evidence that would have established probable cause to arrest him on any charge connected with the incident under investigation. During the questioning, Adside gave his name and date of birth, and the police ran a computer check for outstanding warrants. Apparently none were discovered. Although an officer testified that "[t]here was some discrepancy in the birthday that he gave us, and the birthdate that was derived from the computer," Adside was not charged or arrested for giving false information to an officer under OCGA § 16-10-25. The officer further testified that: "I don't know whether [the birthdate discrepancy] maybe triggered him to do what he done, but the next thing he done, he just stood up, turned, and abruptly walked into the house. . . . We were concerned that there might be a weapon in the house and that he could use it against us. So we physically put our hands on him, and we had to wrestle him to the floor to subdue him." The officer testified that Adside ignored a command that he not go into the house. Adside was immediately arrested for obstructing the officers. The remaining charges in the case were eventually brought against Adside based on evidence obtained at a later date.

Adside argues that " ' "in criminal law an unnecessarily minute description of a necessary fact must be proved as charged." ' " *Williams v. State*, 196 Ga. App. 154, 156 (395 SE2d 399) (1990). In essence, Adside contends that the indictment charging that he ran from the officers to avoid arrest precisely described how the obstruction occurred, and that the State's proof showed obstruction in a wholly different manner. "To permit the prosecution to prove that a crime was committed in a wholly different manner than that specifically alleged in the indictment would subject the accused to unfair surprise at trial and constitute a fatal variance under the standards enunciated in *DePalma v. State*, 225 Ga. 465, 469 (169 SE2d 801)." *Walker v. State*,

146 Ga. App. 237, 246 (246 SE2d 206) (1978).

The evidence showed that, in the lawful discharge of their official duties, the officers were questioning Adside as part of an investigation into the charges for which he was eventually arrested. Adside attempted to terminate the questioning, and, contrary to the officers' express command, abruptly moved away from the officers and attempted to reenter the house. In the process, he forcefully resisted the officers and was arrested. The indictment fairly notified Adside that these were the actions which formed the basis for the obstruction charge. There was no variance in this case between the allegations in the indictment and the proof at trial which unfairly surprised Adside.

2. Adside claims the trial court erroneously denied his motion for a mistrial made on the basis that his character was improperly placed into issue.

During cross-examination of the victim, defense counsel asked: "Of course, all the detail about [Adside] trying to shoot the gun and it not shooting and so forth, you didn't tell police any of that, did you?" The victim responded: "No, because Peter [Adside] was on probation, and I didn't want to get him in any worse trouble than he was already in."

Defense counsel moved for a mistrial claiming this response by the witness was not elicited by his question and that it improperly placed Adside's character into evidence. The trial court denied the motion, concluding that the witness' explanation was responsive to the question, but the trial court, nevertheless, instructed the jury to disregard the witness' reference to Adside's probation.

Even if the reference to Adside's probation placed his character into evidence, the trial court properly denied the motion for a mistrial. Defense counsel's question was an attempt to demonstrate that the victim's trial testimony was not believable because she did not initially relate the same facts to the police. The victim's reply was responsive to the question and explained why she did not initially tell police all she knew. Since the mention of Adside's probation came in responsive testimony elicited by defense counsel, any error was induced and Adside is in no position to complain. *Tolliver v. State*, 167 Ga. App. 696, 697 (307 SE2d 269) (1983). Moreover, the trial court's instruction to the jury was sufficient to cure any error. *Stanley v. State*, 250 Ga. 3 (295 SE2d 315) (1982).

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

Decided January 23, 1995.

*L. Elizabeth Lane,* for appellant.
*Charles H. Weston, District Attorney, Thomas J. Matthews, As-*

*sistant District Attorney,* for appellee.