A96A1637. HILL v. THE STATE.
(478 SE2d 406)

ANDREWS, Judge.

Robert Lee Hill was found guilty by a jury of operating a motor vehicle after receiving notice that his license was revoked as a habitual violator, driving a motor vehicle under the influence of alcohol, and possession of less than one ounce of marijuana. Hill appeals from the judgment entered on the convictions and enumerates as error that: (1) the evidence was insufficient to support the convictions; (2) documentary evidence was erroneously admitted without proper authentication and (3) the trial court erred by refusing to declare a mistrial because his character was improperly placed into issue. We affirm the habitual violator and DUI convictions and reverse the conviction for possession of marijuana.

1. The evidence was sufficient to support a verdict of guilty on the charge of driving while under the influence of alcohol to the extent that it was less safe to drive pursuant to OCGA § 40-6-391 (a) (1) and on the habitual violator charge pursuant to OCGA § 40-5-58 (c).

An Oconee County deputy sheriff testified for the State that he observed a car erratically passing other vehicles and changing lanes on Highway 78 at a high rate of speed. He stopped the car, approached, and asked the driver for his license. Hill, who was driving the car, could not produce a license and gave the deputy a false name and date of birth. Observing that Hill's eyes were red and his speech was slurred, the deputy asked Hill to step out of the car, and, upon doing so, Hill almost fell down and had to be held up by the deputy. Based on clear indications that Hill was under the influence of alcohol and on his inability to successfully complete two field sobriety tests at the scene, the deputy arrested Hill and charged him with driving under the influence of alcohol. The deputy testified that Hill appeared to be under the influence of alcohol to the extent that he was incapable of safely driving the car. This was ample evidence to allow a rational trier of fact to conclude beyond a reasonable doubt that Hill was guilty of driving under the influence of alcohol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lewis v.*

*State*, 214 Ga. App. 830 (449 SE2d 535) (1994).

As to the habitual violator charge, the State introduced certified copies of records of the Department of Public Safety showing that, at the time Hill was driving the car, he had been declared a habitual violator, had his license revoked, and had received notice that his license was revoked because of his status as a habitual violator. OCGA § 40-5-58 (b), (c). This was sufficient evidence to establish the essential elements of the offense and to allow the jury to find Hill guilty beyond a reasonable doubt. *Jackson v. Virginia*, supra; *Ragan v. State*, 264 Ga. 190, 191 (442 SE2d 750) (1994). There is no merit to Hill's claim that the document relied upon by the State to establish Hill received notice that his license had been revoked was not properly authenticated. The document, which shows on its face that Hill was personally served with notice that his license had been revoked because of his status as a habitual violator, was certified by the official custodian of the Department of Public Safety records. Thus, it was properly authenticated and admissible as primary evidence. OCGA §§ 24-3-17 (a), 24-5-20, 24-7-20; *Funderburk v. State*, 221 Ga. App. 438, 439-440 (471 SE2d 535) (1996).

2. Hill contends his motion for a mistrial should have been granted because his character was improperly placed into issue. While cross-examining the arresting deputy, defense counsel asked a series of leading questions implying that, even though Hill gave the deputy a false name, the deputy knew Hill's real name when he wrote tickets in the false name, then later wrote a report using Hill's real name. In reply, the deputy explained that he did not know Hill's real name when Hill gave the false name, but he later discovered Hill's real name when he saw another ticket Hill had which showed he had been recently arrested for the same offense.

The deputy's explanation as to when and how he discovered Hill's true name was responsive to questions posed by defense counsel. Since the deputy's statement about a previous offense came in responsive testimony elicited by defense counsel, any error was induced and Hill cannot complain. *Adside v. State*, 216 Ga. App. 129, 131 (453 SE2d 139) (1995). Moreover, the trial court's precautionary instruction to the jury was sufficient to cure any error. Id. The trial court properly denied Hill's motion for a mistrial.

3. The State also produced evidence that, in a search of Hill incident to the arrest, what appeared to be a marijuana cigarette was found on his person. The cigarette was tested at the State Crime Lab. In lieu of testimony from the Crime Lab employee who did the testing, the State introduced a sworn certificate from the employee pursuant to OCGA § 35-3-16 attesting that the cigarette tested positive for less than one ounce of marijuana. The trial court admitted the certificate for this purpose over Hill's objection that use of the certifi-

cate violated his constitutional right to confront the witnesses against him.

Subsequent to Hill's trial, the Georgia Supreme Court found that OCGA § 35-3-16 was unconstitutional because use of the certificate in lieu of the witness' testimony allowed the State to rely on hearsay evidence in violation of a defendant's right to confront and cross-examine the State's witnesses. *Miller v. State*, 266 Ga. 850 (472 SE2d 74) (1996). Because the State relied on the certificate admitted pursuant to OCGA § 35-3-16 to prove that Hill possessed marijuana, his conviction on that charge is reversed. Id.

*Judgment affirmed in part and reversed in part. Pope, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 7, 1996.

*Anthony T. Pete, David T. Wooten*, for appellant.

*Harry N. Gordon, District Attorney, James D. Love, Assistant District Attorney*, for appellee.