## A00A0447. KELLER v. THE STATE.
(529 SE2d 167)

ELDRIDGE, Judge.

This is an appeal from the trial court's denial of Gerald W. Keller's out-of-time appeal. From the record, we adduce the following:

On April 23, 1997, a Cherokee County jury convicted Keller of driving under the influence of alcohol, failure to dim headlights, and no proof of insurance. The trial court sentenced Keller to two consecutive twelve-month terms of incarceration but permitted Keller to remain out on bond pending appeal. Keller filed a notice of appeal on the same date as his conviction and directed the clerk to "omit nothing on appeal." However, Keller took no steps toward ensuring the preparation of his trial transcript to perfect the appeal.

Immediately after the Cherokee County trial, Keller stood trial in another county for similar offenses. Before the jury returned its verdict, Keller absconded. Meanwhile, the trial court in the instant case scheduled a hearing for May 2, 1997, in order to address Keller's delay in securing the preparation of the transcript for appeal; a show cause order was issued for that date. Keller's trial attorney appeared at the hearing. Keller did not. His attorney informed the court that "he did not know Defendant's whereabouts, having last seen the Defendant at the Superior Court of Cobb County where the Defendant departed during his trial on Driving Under the Influence and other charges there pending." On May 6, 1997, the trial court issued an order dismissing Keller's appeal and issuing a bench warrant for Keller. The trial court also permitted defense counsel to withdraw in his representation of Keller. Keller did not contest the trial court's order dismissing his appeal.

On June 19, 1997, Keller filed with the state court clerk a pro se "motion to set aside judgment of convictions post conviction relief," requesting a new trial for various alleged errors of law. Notably, the filing did not contain an address for Keller. The trial court issued a rule nisi, scheduling a hearing on the motion for July 11, 1997. Again, Keller did not appear. The trial court denied his motion and ordered Keller to come before the court and begin serving his sentence instanter.

Two years later, on June 2, 1999, Keller was arrested on other charges. He was brought before the trial court. On June 7, 1999, the court issued an order that Keller's sentence of two years in state custody should begin to run from the date he was apprehended. On June 24, 1999, Keller's new counsel filed a "motion to reinstate appeal or in the alternative request an out-of-time appeal." On July 28, 1999, a hearing was held on the motion, and the trial court denied Keller's

motion for out-of-time appeal.[1] On August 26, 1999, Keller filed a notice appealing the trial court's denial of his out-of-time appeal. *Held*:

1. Notably, the trial court's order dismissing Keller's direct appeal is not before us, since no appeal was taken from that order. This is an appeal from the trial court's denial of Keller's out-of-time appeal. In that regard, an out-of-time appeal is appropriate where a timely direct appeal was *not* taken because of ineffective assistance of counsel. *Gibbs v. State*, 239 Ga. App. 249 (1) (a) (519 SE2d 511) (1999). However,

> [a] convicted party can, by his own conduct or by his conduct in concert with that of his attorney, forfeit his appeal. If a convicted party by his own conduct, or by his conduct in concert with that of his attorney, purposefully delays the appeal of his conviction to his own advantage, he forfeits appeal and review of his conviction on the merits by an appellate court. An out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant himself slept on his rights.

(Citations and punctuation omitted.) *Cannon v. State*, 175 Ga. App. 741, 742 (334 SE2d 342) (1985); *Haynes v. State*, 227 Ga. App. 64, 65 (488 SE2d 119) (1997). Further, the denial of a motion for an out-of-time appeal is a matter within the discretion of the trial court, and the trial court's decision will not be reversed absent abuse of such discretion. *Dover v. State*, 237 Ga. App. 797, 798 (516 SE2d 839) (1999).

Thus, in order to secure leave to file an out-of-time appeal, Keller needed to demonstrate to the trial court that his failure to secure a direct appeal was not attributable to his own actions. *Cannon v. State*, supra at 742. We find that Keller made no such showing. A timely appeal *was* filed on Keller's behalf. That it was dismissed was not due to defense counsel or the trial court, but to Keller. It appears from the record that Keller, while out on appeal bond, sought to delay to his own advantage in order to avoid serving his sentence. Keller delayed in perfecting his appeal through failure to arrange for the preparation of a transcript, although he requested the clerk "omit nothing from the record." Then he abandoned his appeal altogether when he absconded from the reach of the courts and the law.

We are unpersuaded by Keller's assertions that the trial court dismissed his appeal too hastily because only two weeks had passed between Keller's conviction and the dismissal. Keller has made no

---

[1] The trial court's oral ruling was memorialized in an order dated October 11, 1999.

showing that, had the trial court waited longer, he would have caused the transcript to be prepared in a timely fashion. See OCGA § 5-6-41 (b). In fact, the record belies that point. Keller did not appear to face his other charges in Cobb County; he did not appear at the hearing regarding the transcript; he did not appear at the hearing regarding his pro se "motion to set aside judgment of convictions post conviction relief";[2] and in fact, he made no efforts at all with regard to his direct appeal until he was arrested two years later and had to begin serving his sentence.

Under these circumstances, we are not hesitant to find that Keller, by his *own* actions, "forfeit[ed] appeal and review of his conviction on the merits by an appellate court." *Cannon v. State*, supra at 742. Accordingly, the trial court did not abuse its discretion in denying Keller's motion for an out-of-time appeal.

2. We find no merit to Keller's contention that judgment was not entered on his convictions until the trial court entered a "complete judgment of sentencing" on June 7, 1999. The record shows that the trial court's June 7, 1999 order merely reiterated the judgment that had been entered on the back of the Uniform Traffic Citations and filed with the clerk on the same day that Keller was convicted in April 1997. Accordingly, a direct appeal will not lie from the trial court's June 7, 1999 order. OCGA § 5-6-34.

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JANUARY 31, 2000 —

*Head, Thomas, Webb & Willis, Thomas J. Thomas*, for appellant.
*G. Channing Ruskell, Solicitor*, for appellee.

---

[2] We find more than a little disingenuous counsel's characterization of the pro se "motion to set aside judgment of convictions post conviction relief" as Keller's attempt to "preserve his appellate rights" in the face of the trial court's dismissal. It is apparent from the record that Keller authored the pro se motion *before* his direct appeal was dismissed and that Keller had no idea that his direct appeal was dismissed because he had absconded and did not show up for the hearing with regard thereto. In addition, the motion, on its face, is clearly a motion for new trial filed in the state court. Keller did not show up for the hearing on that motion either and did not appeal from the judgment entered thereon.