## S00A1618. DeLOACH v. THE STATE.
(536 SE2d 153)

CARLEY, Justice.

A jury found Lacy DeLoach guilty of malice murder and possession of a firearm during the commission of that crime. The trial court entered judgments of conviction on the jury's guilty verdicts, and sentenced DeLoach to life imprisonment for the murder and to a consecutive five-year term for the firearms offense. The trial court denied a motion for new trial, and DeLoach filed a timely notice of appeal.[1]

---

[1] The crimes occurred on December 5, 1998, and the grand jury returned its indictment against DeLoach on June 2, 1999. The jury found DeLoach guilty on October 21, 1999 and, on October 27, 1999, the trial court entered the judgments of conviction and imposed the sentences. DeLoach filed a motion for new trial on November 2, 1999, and the trial court

1. Shienettra Brown was shot five times at close range with a pistol as she sat in the front seat of a vehicle driven by Clarence Butler. The shooting took place outside a nightclub. Two eyewitnesses, Cecelia Rudrow and Maria Davis, identified defendant DeLoach as the gunman. Ms. Rudrow, DeLoach and the victim are cousins. Although not related to DeLoach, Ms. Davis was acquainted with him. Neither Ms. Rudrow nor Ms. Davis immediately reported what they had seen to the police, and gave statements only after the authorities contacted them. According to Mr. Butler, he was unaware that Ms. Brown had been shot, did not see the shooter and could not identify DeLoach. After the shots were fired, he sped away from the scene and, thinking that Ms. Brown merely was sick, he let her out of the vehicle some blocks away. There, she collapsed and died. Investigators found the murder weapon under a trash dumpster across the street from the nightclub. There were no identifiable fingerprints on it.

DeLoach contends that the State failed to prove his guilt by credible, reliable and competent evidence. However, this court determines the sufficiency of the evidence, not its weight. *Ricketts v. Williams*, 242 Ga. 303 (248 SE2d 673) (1978); *Drake v. State*, 241 Ga. 583, 585 (1) (247 SE2d 57) (1978). "[I]t was the jury's role to assess the credibility of the witnesses, resolve any conflicts in the evidence, and arrive at a determination of the facts. [Cit.]" *Bowden v. State*, 270 Ga. 19, 21 (4) (504 SE2d 699) (1998). As they were authorized to do, the jurors in this case chose to believe the eyewitness testimony of Ms. Rudrow and Ms. Davis identifying DeLoach as the perpetrator. When construed most strongly in favor of the verdict, the evidence is sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt of his guilt of the malice murder of Ms. Brown and of possessing a firearm during the commission of that crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Moses v. State*, 270 Ga. 127 (1) (508 SE2d 661) (1998); *Bowden v. State*, supra.

2. The trial court gave the pattern jury charge on eyewitness identification testimony, which enumerates the "level of certainty" as one of several factors the jury can consider when determining the credibility of that testimony. DeLoach enumerates this charge as error and contends that an eyewitness' expression of more certainty in an identification does not necessarily represent greater accuracy of that identification.

This Court can reassess the propriety of the pattern charge only in the context of a case in which the issue was preserved for appellate

denied that motion on February 24, 2000. The notice of appeal was filed on March 15, 2000, and the case was docketed in this Court on June 15, 2000. On August 7, 2000, DeLoach submitted the appeal for decision.

review. See *Johnson v. State,* 272 Ga. 254, 260 (2), fn. 6 (526 SE2d 549) (2000). Here, the record shows that DeLoach himself requested that the trial court give the charge which he now asserts to be erroneous. The act of requesting an instruction in the trial court constitutes a specific waiver of the right to enumerate it as error on appeal. *Roulain v. Martin,* 266 Ga. 353, 354 (2) (466 SE2d 837) (1996). Because DeLoach induced the giving of the charge below, he is precluded from attacking it now. *Wynn v. State,* 262 Ga. 839, 840 (2) (426 SE2d 157) (1993). Thus, as in *Johnson v. State,* supra at 260 (2), fn. 6, supra, we are unable to reconsider the validity of the pattern charge as currently formulated.

*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 10, 2000.

*Emory B. Bazemore,* for appellant.

*Spencer Lawton, Jr., District Attorney, Ann M. Elmore, Assistant District Attorney, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General,* for appellee.