A00A2460. KELLER v. THE STATE.
(544 SE2d 511)

BLACKBURN, Chief Judge.

Following a jury trial, Gerald W. Keller appeals his conviction for driving with a suspended license under OCGA § 40-5-121, contending that (1) he was excepted from the scope of OCGA § 40-5-121 because there was some evidence that his license had been revoked for being a habitual violator pursuant to OCGA § 40-5-58 and (2) the evidence was insufficient to support the verdict because the State failed to prove that he received notice of his license suspension. For the reasons set forth below, we reverse.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Keller] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The . . . verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Kovacs v. State.*[1] See *Jackson v. Virginia.*[2]

Viewed in this light, the record shows that, during the early morning hours of June 3, 1999, Keller was pulled over for alleged erratic driving, and he was ultimately charged with: (1) driving under the influence (OCGA § 40-6-391); (2) driving after having been declared a habitual violator (OCGA § 40-5-58); (3) driving with a suspended or revoked license (OCGA § 40-5-121); (4) making an improper left turn (OCGA § 40-6-1); and (5) failing to show proof of insurance (OCGA § 40-6-10).

During trial, the State introduced a notice sent to Keller from the Georgia Department of Public Safety declaring Keller a habitual

---

[1] *Kovacs v. State,* 227 Ga. App. 870 (1) (490 SE2d 539) (1997).
[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

violator and revoking his license for a minimum of five years, beginning May 29, 1991. Keller argued to the jury that this document, which was a copy of the original, violated the best evidence rule and had been improperly and fraudulently modified by the State. He further argued that the State had not proven that he was still a habitual violator on the night he was pulled over, which occurred more than five years after the habitual violator notice was given. In addition, the State introduced into evidence a computer printout which showed that, as of April 18, 1997, Keller's license had been suspended.

At the conclusion of the trial, the jury found Keller guilty of driving with a suspended or revoked license, making an improper left turn, and failing to provide proof of insurance. The jury acquitted Keller of driving under the influence, driving while a habitual violator, and failure to maintain lane. Keller appeals only with regard to his conviction for driving with a suspended or revoked license.

1. Keller contends that his conviction for driving with a suspended or revoked license under OCGA § 40-5-121 must be reversed because some evidence showed that he had been declared a habitual violator and that his license had been revoked pursuant to OCGA § 40-5-58.

OCGA § 40-5-121 (a) provides:

> Except when his license has been revoked as a habitual violator under Code Section 40-5-58, any person who drives a motor vehicle on any public highway of this state at a time when his privilege to do so is suspended, disqualified, or revoked shall be guilty of a misdemeanor.

For the first time on appeal, Keller wishes to now admit that he was a habitual violator, which he staunchly denied during trial, in order to avoid punishment for the lesser offense of driving with a suspended license. We reject Keller's spurious argument.

It is axiomatic that, in cases such as this, the jury acts as the finder of fact, and this Court cannot second-guess that process. Here, the jury was authorized to accept Keller's argument that the State had not proven that he was a habitual violator at the time that he was stopped. Likewise, the jury was authorized to accept the evidence that Keller's license was suspended at the time, thereby supporting a conviction under OCGA § 40-5-121. As such, the jury's verdict was proper, and we find no merit in Keller's attempt to whipsaw that verdict on appeal.

2. Keller also contends that his conviction for driving with a suspended license must be reversed because there was insufficient evidence that he had received notice of his license suspension. We are

constrained to agree.

"In order to establish the offense of driving with a suspended license, the State must show that the accused was driving, that his license was suspended, and that the accused had received actual or legal notice of the suspension." (Punctuation omitted.) *Farmer v. State*.[3] On appeal, Keller argues only that the State failed to prove that he was notified of his license suspension.

> A review of the record in this case leaves little doubt that . . . [Keller] was . . . aware of his license suspension. But here, as in every criminal prosecution, the State must prove every element of its case beyond a reasonable doubt. We are constrained to agree with [Keller] that the evidence presented in this case falls short of establishing beyond a reasonable doubt that at the time of the [arrest Keller] had received either actual or legal notice that his license had been suspended.

Id.

With regard to Keller's driving record, the State offered the following evidence: (1) an official notice of revocation due to habitual violator status, effective May 29, 1991, sent to Keller by the Department of Public Safety; (2) an official notice of service of this license revocation, signed by Keller and dated September 25, 1992; and (3) a certified computer printout of Keller's driving record which indicated that his license had been suspended.

Although the May 29, 1991 notice of revocation indicated that Keller had been ticketed for DUI three times in 1990, the trial court instructed the jury to disregard this notation. And, although the computer printout of Keller's driving record included in the record but not admitted into evidence clearly indicated that he was ticketed for DUI in 1991, 1992, and 1993, among various other moving violations, and that Keller received actual notice of such violations, the trial court allowed only a portion of the first page of the printout into evidence. This single page indicated that Keller's license had been suspended, but it does not indicate that Keller received actual notice of this suspension.

During trial, when Keller moved for a directed verdict on the driving with a suspended license charge, the State argued and the trial court agreed that Keller had received notice of the suspension by operation of law due to his prior DUI convictions. While it is true that an individual is deemed to receive notice of his license suspen-

---

[3] *Farmer v. State*, 222 Ga. App. 591 (474 SE2d 760) (1996).

sion by operation of law upon a conviction for DUI, see *Hale v. State*,[4] there was no evidence before the jury showing such a prior conviction, as all such evidence was specifically excluded by the trial judge in this case. As a result, the jury had no evidence before it on which to determine an essential element of the State's case, namely that Keller had received notice of his license suspension.

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 19, 2001.

*Thomas J. Thomas,* for appellant.
*G. Channing Ruskell, Solicitor,* for appellee.

