### A00A2367. BROWN v. THE STATE.
(545 SE2d 114)

BLACKBURN, Chief Judge.

Dean DeWayne Brown appeals his conviction of armed robbery, contending that the trial court abused its discretion in allowing the State to improperly bolster the testimony of two State witnesses. For the reasons set forth below, Brown's conviction is affirmed.

Viewed in the light most favorable to the verdict, the evidence established that Brown entered a Holiday Market with a pocketknife and informed Donald Herring, the clerk, that he was robbing the store. Brown, who was wearing a shirt wrapped around his face, took $120 from the store's cash register in $5 and $10 denominations. The

robbery was videotaped by the store's videocamera, and the tape was played for the jury.

1. On appeal, Brown contends that the trial court allowed the State to improperly bolster Herring's veracity by allowing him to refresh his recollection with the investigating officer's report. At trial, Brown's counsel did not object regarding the bolstering of Herring's veracity, but instead contended that because the officer's report was unauthenticated, the trial court improperly allowed a witness to use it to refresh his recollection. Initially, we note that Brown's contention on appeal is different from that presented to the trial court. "If counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground." *Wilson v. State*.[1] However, even if properly preserved, Brown's enumeration is without merit.

At trial, the State asked Herring whether he told the investigating officer that Brown was wearing the same clothing as the robber when the officers brought Brown to the store. Herring testified: "Not that I believe so, sir. It's been —." Herring's testimony was interrupted by defense counsel's objection:

> I think the District Attorney is about to attempt to refresh Mr. Herring's recollection or memory with Sgt. Rofulowitz's report. Mr. Herring has a statement in the file. If he needs to be refreshed, I think it ought to be refreshed with his statement and not with Det. Rofulowitz's hearsay report. And I object on that basis.

The trial court determined that the State was allowed to ask the witness whether he recalled telling the investigating officer certain information. Defense counsel then objected by contending that refreshing a recollection with an unauthenticated report was improper. The trial court also overruled this objection.

Although on appeal Brown contends that the State improperly bolstered Herring's veracity by allowing him to refresh his recollection with the investigating officer's unauthenticated report, the transcript reveals that Brown was never shown the investigating officer's report. Instead, the State merely questioned Herring as to whether he remembered telling the investigating officer that Brown fit the description of the offender. And Herring responded that he could not remember what he told the investigating officer. Herring also testified that he could not remember whether he told the investigating officer that Brown was wearing the same white shorts and high-top hiking boots as the robber. After cross-examination and upon redirect

---

[1] *Wilson v. State*, 145 Ga. App. 315, 322 (244 SE2d 355) (1978).

examination, the witness did review the investigating officer's report, but the witness testified that his memory was not refreshed by the report and he was not questioned further.

In *Woods v. State*,[2] the Supreme Court of Georgia determined that, although harmless under the facts of that case, the trial court erred by refusing to allow the witness to refresh his recollection with a police officer's report. The Supreme Court based its holding on OCGA § 24-9-69, which provides that a witness is allowed to "refresh and assist his memory by the use of any written instrument or memorandum." It is not required that the written document was prepared by the witness, "so long as the witness testifies from personal recollection." *Woods*, supra. Additionally, because the document used by the witness to refresh his recollection was not admitted, it was not required that it be authenticated.

Because an investigating officer's report could be used to refresh another witness's recollection, and in the present case, the witness did not testify after reviewing the officer's report, Brown's enumeration of error is without merit.

2. At trial the State asked a witness what the witness "could tell about" the robber after reviewing the videotape of the robbery. Brown objected stating that the witness's opinion was irrelevant. The trial court overruled the objection, and the witness was allowed to review the videotape of the robbery. The witness then testified that he could not tell anything about the robber's clothes from the videotape. On appeal, Brown contends that the playing of the videotape bolstered the witness's veracity before the witness's veracity was attacked. We cannot agree.

Again, Brown's enumeration of error on appeal is different from his objection in the trial court. At trial, Brown objected on relevancy grounds and on appeal contends that the playing of the videotape improperly bolstered the witness's veracity. "Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial." (Punctuation omitted.) *Waddell v. State*.[3] See also *Wilson v. State*, supra.

3. On appeal Brown contends that the trial court erred in allowing the State to use prior consistent statements in order to improperly bolster a witness's testimony. However, Brown did not object on this basis at trial, and we cannot consider it on appeal. See *Waddell*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

---

[2] *Woods v. State*, 269 Ga. 60, 62 (3) (495 SE2d 282) (1998).
[3] *Waddell v. State*, 224 Ga. App. 172, 174 (2) (480 SE2d 224) (1996).

DECIDED JANUARY 30, 2001.

*James E. Jarvis, Jr.*, for appellant.

*J. David Miller, District Attorney, Charles M. Stines, Laura E. Anderson, Assistant District Attorneys*, for appellee.