A01A0926, A01A0927. KELLER v. THE STATE (two cases).
(558 SE2d 5)

PHIPPS, Judge.
Gerald W. Keller appeals the trial court's denial of his motions for new trial and for sentence clarification and modification. Although Keller filed separate notices of appeal, we have consolidated the cases for review. Because Keller has failed to invoke this court's jurisdiction, we dismiss both appeals.

A grand jury indicted Keller for being an habitual violator, driving under the influence of alcohol, possession of an open container, violation of the Georgia Controlled Substances Act, improper equipment, speeding, no proof of insurance, and giving a false name. During a trial recess, Keller absconded. The court proceeded with the trial in his absence, after determining that his absence was volun-

tary. The jury found him not guilty of violation of the Georgia Controlled Substances Act and guilty of all other charges. On April 30, 1997, the court entered its judgment of conviction and imposed sentence. Having determined that Keller had "fled the jurisdiction of the Court," the court entered an order on May 19, 1997, permitting Keller's counsel to withdraw.

On June 23, 1997, Keller, proceeding pro se, filed a "motion to set aside judgement [sic] and convictions post conviction relief." On August 12, 1999, with new, post-conviction counsel, Keller filed a "request for out-of-time appeal," incorporating the grounds raised in the June 23, 1997, motion, none of which addressed his failure to file timely a notice of appeal. That same day, Keller filed a motion to modify sentence.

On April 19, 2000, a hearing was held on Keller's motions, during which the trial court noted that Keller had "remained a fugitive from this Court and a fugitive from justice during the trial and for an extended period of time after that." The court denied Keller's motion to modify sentence and permitted post-hearing briefs on the other motions. Keller, through counsel, filed a "memorandum in support of motion for new trial/motion for out-of-time appeal," although Keller had never filed a pleading entitled "motion for new trial." The memorandum did not address Keller's failure to file timely a notice of appeal. On June 15, 2000, the trial court denied the "motion for new trial/motion for out-of-time appeal." On July 12, 2000, Keller filed a notice of appeal from "the denial of a Motion for New Trial," which later was docketed in this court as Case No. A01A0926.

On September 22, 2000, Keller, through counsel, filed a motion to clarify and modify his sentence, pointing out that the trial court had not entered a sentence on the open container offense and claiming that because of that omission the Board of Pardons & Paroles was withholding action on his case. He also complained of his one-year sentence for the no proof of insurance offense, claiming that the evidence did not authorize such a penalty. On November 9, 2000, the trial court entered a "suspended sentence" for the open container offense. On December 1, 2000, Keller filed a notice of appeal from that sentencing order, which was docketed in this court as Case No. A01A0927.

The State has moved to dismiss both appeals on jurisdictional grounds. This court must raise the question of its jurisdiction in all cases in which there is doubt whether jurisdiction exists.[1] "The

---

[1] *Rowland v. State*, 264 Ga. 872 (1) (452 SE2d 756) (1995).

proper and timely filing of the notice of appeal is an *absolute requirement* to confer jurisdiction upon the appellate court."[2]

## Case No. A01A0926

1. Keller did not caption any of his pleadings as a motion for new trial. However, a review of the substance of his "motion to set aside judgement [sic] and convictions post conviction relief" shows it is actually a motion for new trial.[3] But that motion, filed 54 days after his conviction and sentence, was void as untimely because he failed to file it within 30 days of the entry of the conviction and imposition of the sentence or to seek an extension of time for doing so.[4] Although Keller filed his notice of appeal within 30 days of the denial of his motion for new trial, Keller's void motion for new trial did not toll the 30-day limit within which he was required to file a notice of appeal from the underlying judgment and sentence.[5] Further, we cannot construe Keller's untimely motion for new trial as an extraordinary motion for new trial because he did not attempt to show "some good reason . . . why the motion was not made during [the 30-day] period"[6] following entry of the judgment and sentence.[7] Consequently, this appeal is dismissed as untimely.[8]

2.

> The ineffectiveness of appellate counsel can result in the dismissal of an appeal of right without violating the defendant's right to due process as long as the defendant's due process right to an appeal is protected by provision of a remedy for frustrated right of appeal. Since an out-of-time appeal is an available remedy where the loss of the right of conventional appellate review is due to defense counsel's error, we may dismiss an appeal of right for failure to follow appellate procedural prerequisites.[9]

To obtain an out-of-time appeal, Keller must apply for that relief in the trial court and establish "to [that] court's satisfaction that the appellate procedural deficiency was due to appellate counsel's failure

---

[2] (Citations and punctuation omitted; emphasis in original.) Id.

[3] See *Marshall v. State*, 229 Ga. 841 (1) (195 SE2d 12) (1972) (substance of a motion, not its name, controls treatment of motion).

[4] *Porter v. State*, 271 Ga. 498 (521 SE2d 566) (1999).

[5] Id. at 499; see OCGA § 5-5-40 (a).

[6] OCGA § 5-5-41 (a).

[7] *Porter*, supra.

[8] See id.; *Williamson v. State of Ga.*, 182 Ga. App. 49 (354 SE2d 868) (1987).

[9] (Citations and punctuation omitted.) *Porter*, supra.

to perform routine duties. . . . [Cits.]"[10] However, an out-of-time appeal is not authorized if the loss of the right to appeal is not attributable to ineffective assistance of counsel but to the fact that the defendant slept on his rights.[11]

In this case, although Keller filed a request for out-of-time appeal, he did not attempt to explain its untimeliness. While the trial court found that Keller absconded from the trial and was "eventually arrested," it did not address specifically a claim of whether Keller was entitled to an out-of-time appeal because of any failure of Keller's counsel, and not of Keller.[12] The record is silent regarding what, if anything, transpired between Keller and his trial attorney following Keller's conviction but before the trial court entered its order permitting the attorney to withdraw.[13] Further, Keller's appellate brief does not challenge the denial of his request for an out-of-time appeal; it challenges only the denial of his motion for new trial and the judgment of conviction.

Accordingly, we order that a copy of this opinion be sent to Keller as well as to Keller's present appellate counsel with direction to forward a copy to Keller.[14] If Keller subsequently seeks and obtains permission from the trial court to pursue an out-of-time appeal, he then will have 30 days within which to file his notice of appeal to this court[15] or motion for new trial with the trial court.[16] If the trial court denies an out-of-time appeal, Keller will have a 30-day period within which to file a notice of appeal to this court.[17]

### Case No. A01A0927

3. Assuming that Keller may directly appeal the trial court's order entered on his motion to clarify sentence, this appeal must also be dismissed. In his December 1, 2000 notice of appeal, Keller states that he is appealing the November 9, 2000 sentence and the April 30, 1997 conviction. But his appellate brief makes clear that he seeks to appeal only the conviction. The brief addresses only issues relating to

---

[10] *Rowland*, supra at 876 (2).

[11] *Porter*, supra at 500; see *Sanders v. State*, 242 Ga. App. 743, 744 (1) (531 SE2d 170) (2000); *Keller v. State*, 242 Ga. App. 150, 151 (1) (529 SE2d 167) (2000).

[12] See *Ponder v. State*, 260 Ga. 840 (1) (400 SE2d 922) (1991) (in ruling on a motion for an out-of-time appeal, the trial court is limited to considering whether counsel was ineffective regarding defendant's right to appeal); *Glass v. State*, 248 Ga. App. 91, 92 (1) (545 SE2d 360) (2001) ("disposition of a motion for out-of-time appeal hinges on a determination of who bore the ultimate responsibility for the failure to file a timely appeal") (citation omitted).

[13] See *Dunn v. Duke*, 216 Ga. App. 829, 831 (1) (456 SE2d 65) (1995) (until an order is entered, no formal withdrawal of counsel can occur and counsel remains counsel of record).

[14] *Rowland*, supra at 875 (2).

[15] Id.

[16] *Ponder*, supra at 841 (1).

[17] *Rowland*, supra.

the judgment of conviction and makes no claim that the November 9, 2000 sentence is erroneous.[18] However, the appeal of the judgment of conviction, heretofore foreclosed by the untimeliness of the notice of appeal, may not be resurrected by extending the application of OCGA § 5-6-34 (d).

OCGA § 5-6-34 (d) provides that:

[w]here an appeal is taken under any provision of subsection (a), (b), or (c) of this Code section, all judgments, rulings, or orders rendered in the case which are raised on appeal and which may affect the proceedings below shall be reviewed and determined by the appellate court, without regard to the appealability of the judgment, ruling, or order standing alone and without regard to whether the judgment, ruling, or order appealed from was final or was appealable by some other express provision of law contained in this Code section, or elsewhere.

That Code section, however, does not allow revival of an untimely appeal of a final judgment.[19] Keller may not "avoid the consequences of failing to file a timely direct appeal"[20] simply by appealing from the order denying his motion to clarify sentence. "[S]uch 'bootstrapping' cannot vest this Court with jurisdiction to consider potential errors which could or should have been part of a direct appeal or timely motion for new trial."[21] Consequently, Case No. A01A0927 must also be dismissed for failure to file a timely notice of appeal from the conviction.

In an attempt to escape this result, Keller characterizes the November 2000 order on his motion to clarify sentence as completing his sentence and thus argues that the time for appealing his conviction did not begin until the entire sentence was rendered. Keller's characterization misconstrues the record which clearly shows that during the sentencing hearing that occurred immediately after his trial, the court correctly determined that the maximum punishment for the open container offense was a $200 fine and then announced it would not impose anything as to that offense. In accordance, the sentencing order shows no punishment for that violation, while it imposes punishments for all remaining convictions. Sentencing on Keller's conviction was complete at that time, and the 30-day period within which he was required to file a notice of appeal from the con-

---

[18] See OCGA § 5-6-48 (f).
[19] See OCGA § 5-6-38 (a); *Davis v. State*, 233 Ga. App. 825, 826 (505 SE2d 801) (1998).
[20] *Balkcom v. State*, 227 Ga. App. 327, 329 (489 SE2d 129) (1997).
[21] *Davis*, supra at 826-827.

viction commenced. In response to Keller's September 2000 "Motion to clarify and modify sentence" that asserted that the Board of Pardons & Paroles was withholding action on his case because "the [c]ourt did not enter a sentence on [the open container count]," the trial court responded by entering an "Order on defendant's motion to clarify sentence." Contrary to Keller's contention that this order completed his sentence and then started the time for an appeal of conviction, the order merely clarified that the sentence was suspended and that Keller had received no punishment for his open container violation. It did not have the effect of commencing a 30-day time limit for appealing his conviction.

*Appeals dismissed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 6, 2001 —
RECONSIDERATION DENIED DECEMBER 7, 2001 —

*Head, Thomas, Webb & Willis, Thomas J. Thomas, Jamie S. Wingler*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, W. Thomas Weathers III, Assistant District Attorneys*, for appellee.

