## A01A1159. REATTOIR v. THE STATE.
### (553 SE2d 394)

PHIPPS, Judge.

A jury found Sandra Jean Reattoir guilty of accumulating brush, trash, debris, and junk vehicles on her property in violation of a Whitfield County zoning ordinance. Her arguments on appeal center on alleged errors made by the court at her trial. However, as those issues are not properly before us, we must dismiss Reattoir's appeal.

Reattoir was convicted on May 9, 2000, and sentenced to pay a fine of $1,000 and serve ten days in jail. Her sentence was suspended contingent upon her removing certain items from her property within 30 days. Reattoir filed a motion for new trial, which was denied on July 17, and she filed a timely notice of appeal on August 4. On November 2, the County filed a motion to dismiss the appeal on the ground that Reattoir had neither filed the transcript, as required by OCGA § 5-6-42, nor obtained an extension of time to do so. On November 20, the superior court heard the matter and granted the County's motion.

On December 4, on motion of the County, the court revoked the suspension of Reattoir's sentence because she had not removed the items from her property and ordered her to begin serving jail time. That same day, Reattoir filed a second notice of appeal stating, once again, that she was appealing her conviction, sentence, and denial of motion for new trial. The notice of appeal did not state that Reattoir was appealing the trial court's order dismissing her first appeal. Nor did it state that she was appealing the trial court's order revoking her suspended sentence.

Reattoir apparently filed the transcript of the proceedings, and her second appeal was docketed in this Court. In her brief, she enumerates as error the trial court's failure to allow her to challenge at trial the constitutionality of the zoning ordinance, but does not argue that the ordinance is, in fact, unconstitutional. She also challenges the court's admission of photographs of her property into evidence. However, Reattoir does not challenge — or even mention — the trial court's dismissal of her first appeal. Likewise, she does not raise any challenges to the court's revocation of her suspended sentence. Rather, she focuses solely on errors allegedly made at trial.

The County argues that Reattoir may not raise in this appeal errors related to her conviction and original sentence. We agree. Reattoir has never challenged the trial court's order dismissing her

first appeal.[1] Accordingly, that order stands. Reattoir cannot resurrect her first appeal simply by filing a timely notice of appeal from an order entered later in the case.[2] Because her first appeal was dismissed, she is precluded from raising in this appeal the issues she sought to litigate there. We therefore dismiss this appeal.

*Appeal dismissed. Smith, P. J., and Barnes, J., concur.*

DECIDED AUGUST 6, 2001.

Sandra J. Reattoir, *pro se.*

*Kermit N. McManus, District Attorney, McCamy, Phillips, Tuggle & Fordham, Robert H. Smalley III*, for appellee.

---

[1] Reattoir could have challenged the dismissal of her first appeal in this appeal, as it was filed within 30 days of the dismissal. But, as noted, she has not done so. Our review is limited to addressing the errors asserted by Reattoir. See *Sullivan v. State*, 235 Ga. App. 768, 771 (510 SE2d 136) (1998) ("our review is limited to those matters enumerated and argued by an appellant"). We are not at liberty to rule upon an issue she has not raised. Therefore, we will not sua sponte address the propriety of the trial court's dismissal of her first appeal.

[2] See *Keller v. State*, 252 Ga. App. 813, 817 (3) (558 SE2d 5) (2001).