A01A0926, A01A0927. KELLER v. THE STATE (two cases).

(583 SE2d 591)

PHIPPS, Judge.

After a jury trial in the Superior Court of Cobb County, Gerald W. Keller sought to appeal his criminal convictions. He filed two notices of appeal, and Case Nos. A01A0926 and A01A0927 were docketed in this court. We dismissed both cases as untimely.[1] However, the Supreme Court ruled that Keller had timely appealed from his convictions, reversed this court's judgment in Case No. A01A0927, and remanded the cases to this court.[2] We therefore vacate our judgment in *Keller v. State*,[3] adopt the opinion of the Supreme Court, and turn to the merits of Keller's appeal. Finding that the appellate record does not reflect whether the oath required by OCGA § 15-12-139 was administered to the jury, we grant Keller's request to remand the case for completion of the record.

## Case No. A01A0926

1. As an initial matter, Case No. A01A0926 is dismissed for the following reasons.

A jury found Keller guilty on multiple counts of an indictment. The court entered a written sentence on all but one of the jury's guilty verdicts. Keller then filed a notice of appeal, which was included as part of the appellate record in Case No. A01A0926. But as the Supreme Court determined in *Keller*, the case was not then ripe for appeal because the trial court had not yet entered a written judgment of conviction and sentence on the remaining count of which Keller was found guilty.[4] Within 30 days of the trial court's subsequent entry of a written sentence on that last count, Keller filed a second notice of appeal, which was included as part of the appellate record in Case No. A01A0927. Thus, the initial notice of appeal ripened and the second notice of appeal was timely.[5]

A defendant is entitled to only one appeal from a criminal conviction.[6] As previously stated, Keller sought to appeal from his criminal convictions in both cases, A01A0926 and A01A0927. And in each respective brief, he stated that "the content of [one] brief is identical to that submitted in [the other]" and that "this Court may wish to

---

[1] *Keller v. State*, 252 Ga. App. 813 (558 SE2d 5) (2001), rev'd, *Keller v. State*, 275 Ga. 680 (571 SE2d 806) (2002).

[2] *Keller*, supra, 275 Ga. at 680-681.

[3] Supra, 252 Ga. App. 813. (All Divisions are vacated.)

[4] Supra, 275 Ga. at 681.

[5] Id.; see also *McCulley v. State*, 273 Ga. 40, 43, n. 3 (537 SE2d 340) (2000).

[6] See generally *Jackson v. State*, 273 Ga. 320 (540 SE2d 612) (2001); *Grant v. State*, 159 Ga. App. 2, 4 (282 SE2d 668) (1981).

consider [the two cases] as one consolidated appeal." Thus, Case No. A01A0926 is dismissed, and we proceed to the merits of Keller's appeal from his criminal convictions in Case No. A01A0927.

### Case No. A01A0927

2. Keller contends in one of his claims of error that the trial court failed to swear the jury pursuant to OCGA § 15-12-139. He claims that the record is incomplete in that it fails to indicate whether the oath was administered. The state, in its brief, agrees that "the transcript does not reveal whether or not the oath was given to the jury," but argues that Keller has waived this issue by failing to object at trial.

"A criminal defendant may not waive the trial court's complete failure to administer an oath to the jury."[7] "[A] conviction by an unsworn jury is a mere nullity."[8] However, a record that fails to show whether the jury was sworn pursuant to OCGA § 15-12-139, without more, does not constitute reversible error.[9] "The presumption exists that the judge discharged all his duties, including the swearing of the jury. If in fact this was not done, the appellant's remedy [is] to have the record corrected by following the provisions of [OCGA § 5-6-41 (f)]."[10]

Keller has requested that this case be remanded while he pursues this remedy, and this case is hereby remanded for completion of the record on this point.[11] Upon such completion of the record pursuant to OCGA § 5-6-41 and receipt of a supplemental record, the Clerk of this court will redocket this case.

*Case No. A01A0926 dismissed. Case No. A01A0927 remanded with direction. Smith, C. J., and Barnes, J., concur.*

DECIDED JUNE 19, 2003.

*Wingler & Wingler, Jamie S. Wingler, Head, Thomas, Webb & Willis, Thomas J. Thomas*, for appellant.

---

[7] (Footnote omitted.) *Phillips v. State*, 275 Ga. 595, 596 (3) (571 SE2d 361) (2002).

[8] *Slaughter v. State*, 100 Ga. 323, 330 (28 SE 159) (1897); see also *Grant v. State*, 272 Ga. 213 (528 SE2d 512) (2000).

[9] *Smith v. State*, 235 Ga. 852, 853 (3) (221 SE2d 601) (1976).

[10] (Punctuation omitted.) *Bohin v. State*, 156 Ga. App. 206, 208 (6) (274 SE2d 592) (1980); see *Smith*, supra.

[11] See generally OCGA §§ 5-6-41 (f); 5-6-48 (d); *State v. Pike*, 253 Ga. 304 (320 SE2d 355) (1984).

*Patrick H. Head, District Attorney, Amelia G. Pray, W. Thomas Weathers III, Assistant District Attorneys*, for appellee.