A04A0805. KELLER v. THE STATE.
(608 SE2d 697)

ELDRIDGE, Judge.

In April 1997, a Cobb County jury found Gerald Keller guilty of inter alia being a habitual violator, driving under the influence of alcohol, having improper equipment, and speeding. Keller has been before this Court numerous times with regard to this conviction.[1] He is with us again, this time arguing that several claims of error require reversal. Finding no merit to Keller's claims, we affirm his conviction.

Viewed to support the jury's verdict, the evidence shows that at approximately 6:00 a.m. on August 3, 1995, Georgia State Trooper Keith Hales observed Keller's vehicle traveling on I-575 in Cobb County at a speed that appeared to be above the posted speed limit and with its left headlight out. Hales' radar gun registered the vehicle traveling 79 mph in a 55-mph zone.

The trooper pulled Keller over and asked him for his driver's license and proof of insurance; Keller could produce neither. Hales noted that Keller had bloodshot, watery eyes and a strong odor of alcohol about his person. He administered several field sobriety tests, all of which indicated that Keller was under the influence of alcohol. The trooper then placed Keller under arrest. Further investigation showed that Keller's license was suspended pursuant to his status as a habitual violator. *Held*:

1. Initially, Keller makes two arguments attempting to negate the admissibility of the Department of Public Safety ("DPS") documents establishing his receipt of habitual violator notice. Keller's arguments present no basis for reversal.

(a) Keller first claims that the DPS documents did not comply with OCGA § 40-5-58, which sets forth the definition of a habitual offender and the requirements for notifying an offender of his status. At trial, however, Keller did not object to the admission of these documents on the grounds that they did not meet the statutory requirements of OCGA § 40-5-58. As a consequence, this argument is waived.[2]

---

[1] *Keller v. State*, 261 Ga. App. 769 (583 SE2d 591) (2003); *Keller v. State*, 252 Ga. App. 813 (558 SE2d 5) (2001); *Keller v. State*, 247 Ga. App. 599 (544 SE2d 511) (2001); *Keller v. State*, 242 Ga. App. 150 (529 SE2d 167) (2000). See also *Keller v. State*, 275 Ga. 680 (571 SE2d 806) (2002).

[2] See *In the Interest of C. W.*, 227 Ga. App. 763, 767-768 (3) (490 SE2d 442) (1997).

(b) As he did in the court below where he cited to *Miller v. State*,[3] Keller argues that the DPS documents were introduced without an authenticating witness in violation of his Sixth Amendment confrontation rights, and thus, they constituted inadmissible hearsay. This issue has been decided adversely to Keller in *Shapiro v. State*.[4]

(c) The dissent urges that one of the DPS documents, State's Exhibit 3, was uncertified and was thus hearsay. That the DPS documents were certified is a matter of *fact* that went completely unchallenged at trial. "Because this is a court for review and correction of error, we cannot consider objections to evidence different from those raised at trial."[5] So, this claim is waived as a matter of fact.

Further, the issue of certification was first raised at the motion for new trial by appellate counsel, and that issue was promptly abandoned. Indeed, Keller does not raise such issue here. Before this Court, Keller's assertion is that the DPS documents were *unauthenticated* by a live DPS witness, which did not allow him to cross-examine the witness to see if the documents were "*properly* certified." Nowhere does Keller claim that State's Exhibit 3 is completely *without* certification and is thus hearsay, which objection — if true — could easily have been raised at trial, regardless of the presence of a live witness. Tellingly, the objection was not raised.

2. Relying on *Hawkins v. State*,[6] Keller also argues that the trial court erred in refusing to suppress the field sobriety evaluations, because the arresting officer admitted that he had deviated from the standards in which he was trained. We disagree.

In reviewing a trial court's decision on a motion to suppress, our responsibility is to ensure that there was a substantial basis for its decision.[7] At the hearing on Keller's motion to suppress, Trooper Hales testified that he had been trained in field evaluation standards. While he testified that he deviated from these standards in evaluating Keller, he also stated that the tests he used and the standardized evaluations are "[e]ssentially the same thing." Therefore, contrary to Keller's argument, evidence of Hales' failure to fully comply with guidelines does not destroy the probative value of the tests and

---

[3] *Miller v. State*, 266 Ga. 850, 856 (472 SE2d 74) (1996) (unconstitutional to introduce a sworn affidavit into evidence against a criminal defendant, in contravention of the defendant's constitutional guaranty that he be confronted with the witnesses against him).

[4] *Shapiro v. State*, 233 Ga. App. 620, 622 (3) (504 SE2d 719) (1998) (DPS records at issue "are public records which allow a court to 'infer reliability when the hearsay falls within a firmly rooted exception to the hearsay rule, such as the public records exception.' *Price* [*v. State*, 269 Ga. 222, 223 (498 SE2d 262) (1998)].").

[5] (Citation and punctuation omitted.) *Brown v. State*, 247 Ga. App. 741, 743 (2) (545 SE2d 114) (2001).

[6] *Hawkins v. State*, 223 Ga. App. 34 (476 SE2d 803) (1996).

[7] See *State v. Brodie*, 216 Ga. App. 198, 199 (1) (c) (453 SE2d 786) (1995).

render them inadmissible; instead, it affects only the weight and credibility of the behavioral observations made by the officer.[8] And here, in conformity with *Hawkins*, the court expressly found that the tests administered by Hales, "even though . . . administered in a slightly different form," appeared to substantially comply with the requirements.

3. Keller next claims that the trial court erred with respect to two jury instructions. He first argues that the court erred in charging the jury on the improper equipment violation, because the charge was based upon OCGA § 40-8-22, which requires that headlights be maintained in proper working order, instead of OCGA § 40-8-20, which sets forth when headlights must be displayed. The charge, however, appears correct because Keller was indicted for operating a vehicle with the left headlight not functioning, not for failing to display headlights. Further, when the trial court stated that it intended to instruct the jury on OCGA § 40-8-20, Keller specifically requested the charge under OCGA § 40-8-22. "The act of requesting an instruction in the trial court constitutes a specific waiver of the right to enumerate it as error on appeal."[9]

Keller also claims that the trial court erred and misled the jury "when it instructed the jury on the less safe standard for intoxicants rather than just the standard for less safe due to alcohol." We disagree. While the last sentence of the disputed portion of the charge referred in general to "intoxicants," the charge as a whole repeatedly refers to alcohol or drinking and does not refer to any other type of intoxicant. "We do not evaluate jury charges in isolation, but rather consider them as a whole to determine whether there is a reasonable likelihood the jury improperly applied a challenged instruction."[10] There was no error here.

4. Next, Keller contends that the trial court erred by failing to properly swear the jury pursuant to OCGA § 15-12-139. We do not agree.

Although Keller contends that the record does not reflect that the jury was sworn, "[s]uch a record, without more, would not constitute reversible error."[11] In this case, the trial court conducted a hearing to determine whether the jury had, in fact, been properly sworn. A juror in the case testified that he remembered receiving an oath with the other jurors while sitting in the jury box. He also testified that the oath was given after jury selection to the jurors who actually tried the

---

[8] See *Hawkins*, supra.

[9] (Citation omitted.) *DeLoach v. State*, 272 Ga. 890, 892 (2) (536 SE2d 153) (2000).

[10] (Footnote omitted.) *Salahuddin v. State*, 277 Ga. 561, 564 (3) (592 SE2d 410) (2004).

[11] *Smith v. State*, 235 Ga. 852, 853 (3) (221 SE2d 601) (1976).

case. Based on this testimony, the court found that the appropriate oath — the same one that the court had been giving for 23 years — had in fact been given. Because the record supports the trial court's finding, this enumeration of error lacks merit.

5. Finally, Keller argues that the trial court erred in allowing into evidence the results of the radar speed detection device. Specifically, Keller claims that the State failed to lay a proper foundation for this evidence pursuant to OCGA § 40-14-4, which sets forth license and certification requirements for speed detection devices. However, at trial, Keller objected to these results merely for lack of "foundation." Because Keller failed to state what the proper foundation should be, this claim of error is waived.[12]

*Judgment affirmed. Andrews, P. J., Johnson, P. J., Miller and Ellington, JJ., concur. Ruffin, P. J., and Adams, J., concur in part and dissent in part.*

RUFFIN, Presiding Judge, dissenting.

Although I fully concur with Divisions 2, 3, 4 and 5, I must respectfully dissent as to Division 1.

In prosecutions under OCGA § 40-5-58, the State is required to prove that the accused was declared a habitual violator, was properly notified of such status, and operated a vehicle without having obtained a valid driver's license.[13] The majority rejects Keller's argument that the trial court erred in admitting two documents showing that he had been properly notified.

The first document at issue is an Official Notice of Revocation, which states that Keller has been declared a habitual violator. Attached to this document is a stamp certifying that the document is a true and correct copy of the original. However, there is no evidence that this document was ever sent to or received by Keller, either through a return receipt requested or otherwise. The second document is an Official Notice of Revocation and Service by the Court, which is signed by Keller in recognition that he was personally served with the document. There is no stamp certifying this document.

At trial, Keller did not object to these documents on grounds that they did not meet the statutory requirements of OCGA § 40-5-58. Thus, I agree with the majority that Keller waived this argument.[14] With respect to Keller's hearsay argument, however, I agree with Keller that the State's failure to certify the second document rendered it hearsay and thus inadmissible.[15]

---

[12] See *Nelson v. State*, 255 Ga. App. 315, 319 (2) (565 SE2d 551) (2002).

[13] See *Buggay v. State*, 263 Ga. App. 520, 522 (2) (588 SE2d 244) (2003).

[14] See *In the Interest of C. W.*, 227 Ga. App. 763, 767-768 (3) (490 SE2d 442) (1997).

[15] See *Shapiro v. State*, 233 Ga. App. 620, 621-622 (3) (504 SE2d 719) (1998).

Contrary to the majority's argument that both documents were certified as a matter of fact, the State specifically states that the first document was certified but makes no such representation as to the second document. And the record simply reflects one certified document and one uncertified document. Given that the second document, which was signed by Keller, is the only document indicating that Keller was actually notified of his habitual offender status, its admission does not constitute harmless error.[16] Accordingly, Keller's conviction for being a habitual violator should be reversed.

I am authorized to state that Judge Adams joins in this dissent.

ADAMS, Judge, dissenting.

With Presiding Judge Ruffin, I fully concur with Divisions 2, 3, 4, and 5, but must respectfully dissent as to Division 1. I write separately to note that Keller sufficiently objected to State's Exhibit 3, the "Official Notice of Revocation and Service by the Court."

Prior to the first witness, Keller objected to introduction of the relevant exhibits by invoking his right to confrontation, the hearsay rule, and statutes that allow the admission of properly certified documents:

My third objection that I have gave [sic], Your Honor, is the objection to the use of . . . documents of the Department of Public Safety without calling the witness to testify to them under both OCGA § 24-3-17 (a) and provisions allowed for certified documents. And I contend that that would be unconstitutional hearsay. And we would ask that those documents not be permitted to be admitted without the calling of a witness for the purposes [sic] for defense to have cross-examination. And I base that upon the traditional rule, but that's been permitted [sic] but following the decision from *Miller v.* [*State*, 266 Ga. 850 (472 SE2d 74) (1996)], that that would fall into the — that is unconstitutional hearsay.

During the testimony, when the State offered the documents, Keller reiterated:

I object to State's Exhibit 3 on the grounds that it violates the defendant's right to confrontation under the 6th Amendment, as well as applicable portions of the Georgia Constitution, and it has been amended by a witness who is not present in court.

---

[16] See *Bowers v. Southern R. Co.*, 10 Ga. App. 367, 374 (73 SE 677) (1912).

The majority claims that these objections were insufficient to raise the issue of whether the document was certified. But Keller's objection fairly raises the relevant issue.

Hearsay objections and objections based on the failure of the State to comply with an exception to the hearsay rule arise from the rights guaranteed by the Confrontation Clause embodied in the Sixth Amendment. See generally *Miller v. State*, supra at 853; *Hill v. State*, 223 Ga. App. 493, 494-495 (478 SE2d 406) (1996). OCGA § 24-3-17, which was invoked by Keller, was enacted "to amend Article 1 of Chapter 3 of Title 24 of the Official Code of Georgia Annotated, relating to general provisions *concerning hearsay evidence. . . .*" (Emphasis supplied.) Ga. L. 1988, p. 470, § 2.

OCGA § 40-5-2 (d) (1), which is applicable here, is similar. It provides that Department of Motor Vehicle Safety records, when properly certified, "shall be admissible as evidence in any civil or criminal proceeding as proof of the contents thereof." See also *Shapiro v. State*, 233 Ga. App. 620, 621-622 (504 SE2d 719) (1998). Thus, Keller objected on grounds sufficient to cover the attempted admission of an uncertified document that the State attempted to introduce by way of an exception to the hearsay rule. Accordingly, I would find that Keller sufficiently objected to State's Exhibit 3.

DECIDED DECEMBER 1, 2004 —
RECONSIDERATION DENIED DECEMBER 16, 2004 —

*Head, Thomas, Webb & Willis, Thomas J. Thomas, Jamie S. Wingler*, for appellant.

*Patrick H. Head, District Attorney, Amelia G. Pray, W. Thomas Weathers III, Assistant District Attorneys*, for appellee.