[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11747
Non-Argument Calendar

_____

D. C. Docket No. 1:00-cr-00348-IPJ-HGD-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEDRICK MCKENZIE,
a.k.a. Boomike,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(January 29, 2013)

Before BARKETT, PRYOR and EDMONDSON, Circuit Judges.

PER CURIAM:

Tedrick McKenzie appeals his 36-month sentence imposed upon revocation of his supervised release.  No reversible error has been shown; we affirm.

After serving a 92-month sentence for a drug trafficking offense, McKenzie began a 5-year term of supervised release.  While still on supervised release, McKenzie's probation officer filed a petition alleging that McKenzie had violated the conditions of his supervised release by (1) engaging in the sale of cocaine; (2) engaging in the use of cocaine and marijuana; (3) failing to report for drug testing; (4) driving without a valid driver's license; (5) failing to follow his probation officer's instructions; and (6) failing to work regularly at a lawful job.

The district court conducted a revocation hearing during which two government witnesses testified.  The district court then found and concluded that the government had proved all of the violations listed in the petition for revocation, including that McKenzie had sold cocaine.

On appeal, McKenzie argues that the government failed to prove that he had engaged in the sale of cocaine.[1]  Because McKenzie failed to raise this issue in the district court, we review only for plain error.  See United States v. Aguillard, 217

---

[1]McKenzie does not challenge the district court's conclusions about the other five supervised release violations.

2

F.3d 1319, 1320 (11th Cir. 2000).[2]  And we review the district court's findings of fact for clear error.  United States v. Almand, 992 F.2d 316, 318 (11th Cir. 1993).  A violation of a condition of supervised release must be proved by a preponderance of the evidence.  United States v. Sweeting, 437 F.3d 1105, 1107 (11th Cir. 2006).

The district court did not plainly err when it decided that McKenzie violated his supervised release.  At the revocation hearing, Agent Charles Battle, a narcotics investigator with the Calhoun County Drug Task Force, testified that -- at Agent Battle's direction -- a confidential informant ("CI") called McKenzie and arranged to buy drugs.  While wearing audio and video recording devices, the CI drove to the pre-arranged meeting site and purchased one gram of cocaine.  Agent Battle monitored the audio and video feeds as the drug sale took place.  The audio and video of the sale was also recorded.  Based on monitoring the video feed, Agent Battle identified McKenzie as the person selling cocaine to the CI.[3]

Because the record contains substantial evidence to support the district court's factual finding that McKenzie engaged in the sale of cocaine, we see no

---

[2]Under plain-error analysis, McKenzie must show that "(1) an error occurred; (2) the error was plain; (3) it affected his substantial rights; and (4) it seriously affected the fairness of the judicial proceedings."  United States v. Gresham, 325 F.3d 1262, 1265 (11th Cir. 2003).

[3]Although Agent Battle had never dealt with McKenzie personally, Agent Battle testified that he knew who McKenzie was.

clear error.  See United States v. Robertson, 493 F.3d 1322, 1330 (11th Cir. 2007) (under clear error analysis, "finding[s] of fact must be supported by substantial evidence").  The government proved by a preponderance of the evidence that McKenzie sold cocaine in violation of the conditions of his supervised release.[4]

On appeal, McKenzie argues that Agent Battle's testimony identifying McKenzie as the seller on the video recording constituted impermissible hearsay. We disagree.  Agent Battle witnessed the drug sale in real time via the live video feed, and he testified only about his own perception of the video and not about what was said on the video.  See Fed. R. Evid. 801(c) (defining hearsay as a statement, other than one made by the declarant while testifying at the trial or hearing, offered into evidence to prove the truth of the matter asserted).  Agent Battle's testimony was not hearsay.  Because no hearsay was involved, the district court was not required to conduct the balancing test established by United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994), before admitting Agent Battle's testimony.

McKenzie also asserts that, because the video recording was not played at the hearing, Agent Battle's testimony should have been excluded as violating the

---

[4]That no testimony about the CI's reliability or credibility was admitted does not alter our analysis.  The CI did not testify at the revocation hearing so the CI's credibility was not at issue.

"best evidence" rule established by Fed. R. Evid. 1001 and 1002.  "Although the Federal Rules of Evidence do not apply in supervised release revocation hearings, . . . [d]efendants involved in revocation proceedings are entitled to certain minimal due process requirements."  Frazier, 26 F.3d at 114.

Because Agent Battle's testimony was offered to prove McKenzie's identity as the seller -- not the content of the video recording in itself -- and was based on Agent Battle's monitoring of the live video feed, the best evidence rule does not apply.  See United States v. Howard, 953 F.2d 610, 612 (11th Cir. 1992) (concluding that the best evidence rule did not apply where an agent's testimony about phone conversations that the agent monitored was offered to prove the content of the taped conversation and not the content of the tape itself).  Moreover, because the video recording was not admitted into evidence, it was not required to be authenticated pursuant to Fed. R. Evid. 901.

AFFIRMED.