On appeal, the defendant enumerates as error the violation of his due process rights by the State's failure to preserve best evidence, seemingly conflating two separate theories. We will address both out of an abundance of caution.
(a) Best evidence . Because this case was tried after January 1, 2013, Georgia new Evidence Code applies.[14] " OCGA § 24-10-1001 et seq., .... squarely addresses ... the admissibility of secondary evidence of the contents of a [writing] that has been lost or destroyed."[15] OCGA § 24-10-1002 provides that "[t]o prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph shall be required." OCGA § 24-10-1004 (1), however, which provides an exception to this general rule, states that "the original shall not be required and other evidence of the contents of a writing, recording, or photograph shall be admissible if all originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith." Here, "even though [the defendant] did not specifically object to ... [the] testimony based on our new best-evidence rule in the trial court, Georgia's new Evidence Code permits a court to take notice of 'plain errors affecting substantial rights although such errors were not brought to the attention of the [trial] court.' "[16] The Supreme Court of Georgia has adopted the four-pronged plain-error standard of review as set forth in Puckett v. United States[17] :
there [first] must be an error or defect-some sort of deviation from a legal rule-that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error-discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.[18]
*94 In this case, the defendant cannot satisfy the first and second prongs of the plain-error analysis because he
is unable to show that the trial court erred [by] admitting this evidence under the new Evidence Code, much less that a legal error was "clear or obvious, rather than subject to reasonable dispute." Indeed, as previously noted, under OCGA § 24-10-1004 (1), an original recording or photograph is not required at trial and secondary evidence of its contents is admissible if "all originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith."[19]
Here, it is undisputed that the officer lost, misplaced, or destroyed the notebook, but "there is no evidence (and [the defendant] has not even alleged) that the State intentionally destroyed [it] in bad faith. As a result, [the] testimony regarding the contents of the lost or destroyed [notebook] was admissible under the plain language of OCGA § 24-10-1004 (1)."[20]
(b) Due process . The defendant argues that the State violated his constitutional rights by failing to preserve the notebook, which he contends was exculpatory. Pretermitting whether the defendant waived this argument by failing to renew it at the close of the State's case or the evidence, it presents no basis for reversal.
"The State's duty to preserve evidence which may be exculpatory arises from the due process clause of the U.S. Constitution. A bad faith failure to preserve material evidence is a denial of due process. The issue usually arises where the State has actual physical possession of evidence and fails to preserve it."[21] Here, the defendant has not shown a due process deprivation. " 'In dealing with the failure of the [S]tate to preserve evidence [that] might have exonerated the defendant, a court must determine both whether the evidence was material and whether the police acted in bad faith in failing to preserve the evidence.' "[22] As we concluded in Division 2 (a), supra, there is no evidence that police or the State "acted in bad faith in connection with the failure to preserve the evidence."[23] Thus, pretermitting whether the writings in the notebook were "constitutionally material," the defendant's due process argument is without merit.[24]
Judgment affirmed.
Dillard, C. J., and Mercier, J., concur.

See Ga. L. 2011, pp. 99, 214, § 101 (providing that Georgia's new Evidence Code applies "to any motion made or hearing or trial commenced on or after" January 1, 2013).

(Punctuation omitted.) Patch v. State , 337 Ga. App. 233, 240 (2), 786 S.E.2d 882 (2016).

Patch , 337 Ga. App. at 241-242 (2), 786 S.E.2d 882, quoting OCGA § 24-1-103 (d) and citing Gates v. State , 298 Ga. 324, 326 (3), 781 S.E.2d 772 (2016).

556 U.S. 129, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

(Punctuation omitted.) Gates , 298 Ga. at 327 (3), 781 S.E.2d 772, quoting State v. Kelly , 290 Ga. 29, 33 (2) (a), 718 S.E.2d 232 (2011). See Puckett , 556 U.S. at 135 (II), 129 S.Ct. 1423.

(Punctuation omitted; emphasis in original.) Patch , 337 Ga. App. at 242-243 (2), 786 S.E.2d 882.

Patch , 337 Ga. App. at 243 (2), 786 S.E.2d 882. For the same reason, even if we construe trial counsel's argument as a specific, timely objection based on the best evidence rule, the testimony regarding the notebook was admissible under OCGA § 24-10-1004 (1).

(Citation omitted.) Fincher v. State , 276 Ga. 480, 483 (5), 578 S.E.2d 102 (2003), citing Youngblood , 488 U.S. at 51, 109 S.Ct. 333.

State v. Miller , 287 Ga. 748, 754, 699 S.E.2d 316 (2010), quoting Walker v. State , 264 Ga. 676, 680 (3), 449 S.E.2d 845 (1994).

Fincher , 276 Ga. at 484 (5), 578 S.E.2d 102.

See Fincher , 276 Ga. at 483-484 (5), 578 S.E.2d 102 ; Walker v. State , 264 Ga. 676, 681 (3), 449 S.E.2d 845 (1994) ("[T]he handling of the [evidence] may indicate careless, shoddy[,] and unprofessional investigatory procedures, but it does not indicate that the police in bad faith attempted to deny [the defendant] access to evidence that they knew would be exculpatory."); State v. McNeil , 308 Ga. App. 633, 638, 708 S.E.2d 590 (2011) (holding no due process violation resulted from the State's failure to preserve the master DVD of the traffic stop because "there [was] no evidence that the master DVD was destroyed out of an interested or sinister motive or through a conscious doing of wrong") (punctuation omitted); Swanson v. State , 248 Ga. App. 551, 551-552 (1) (a), 545 S.E.2d 713 (2001) (the defendant's due process claim failed because there was "no evidence to show 'bad faith' on the part of law enforcement which resulted in the destruction of [the defendant's] blood sample") (physical precedent only).