**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**February 14, 2025**

# In the Court of Appeals of Georgia

A24A1363. MILLER v. THE STATE.

HODGES, Judge.

We granted Diontra Miller's application for a discretionary appeal to consider whether the trial court erred in revoking his probation based on its determination that he committed new offenses in violation of the terms and conditions of his probation. On appeal, Miller argues that the revocation was in error because the trial court relied on improper identification evidence, on testimony given in violation of the best evidence rule, and on hearsay evidence regarding his possession of a firearm or firearms. He also contends that the trial court erred in finding he possessed a firearm or firearms based on mere proximity. Finally, he asserts that the trial court erred because there was no evidence that he committed certain traffic offenses. For the

reasons set forth below, we affirm the trial court's finding that Miller committed the new offenses of possession of a firearm (two counts) and aggravated assault.[1] The trial court's determination that Miller also committed new traffic offenses, however, is not supported by a preponderance of the evidence and must be reversed. Accordingly, we vacate the trial court's order and remand this case with direction that the trial court consider, in its discretion, what penalty to impose based upon the new offenses that remain.

> As a general rule, this Court will not interfere with a revocation unless there has been a manifest abuse of discretion on the part of the trial court. We will affirm a probation revocation if the record includes some competent evidence to show that the defendant violated the terms of his probation in the specific manner charged. Moreover, evidence produced at a revocation proceeding need only establish the violations of probation by a preponderance of the evidence, a less stringent standard than that required to sustain a criminal conviction.

---

[1] Miller does not enumerate any error or present any argument regarding the alleged new offense of possession of a knife during the commission of a crime, other than noting without explanation that the trial court's order listing this offense "presumably refers to OCGA § 16-11-106[,]" our law addressing possession of weapons, including knives, during the commission or attempted commission of certain crimes. We thus do not address this particular offense further.

(Citations and punctuation omitted.) *Moten v. State*, 372 Ga. App. 82 (903 SE2d 777) (2024).

The record shows that in 2019, Miller entered a negotiated guilty plea to two counts of robbery and to aggravated assault and possession of a firearm during the commission of a felony. He was sentenced as a first offender pursuant to OCGA § 42-8-60 to five years in confinement followed by five years of probation with credit for time served. Following his parole in April 2022, however, he was accused of committing the new offenses of two counts of possession of a firearm by a convicted felon,[2] possession of a knife during the commission of a crime, aggravated assault, failure to maintain lane, impeding traffic, open container liquor violation, and driving under the influence.

The trial court held three brief probation revocation hearings in October 2023. The scant evidence adduced at the hearings indicates that the new offenses listed in the modification petition arose from two separate incidents, one in June 2023 and the other in August 2023.

---

[2] As Miller points out, despite the wording in the trial court's order and the State's petition for modification/revocation of probation, which refer to "possession of a firearm by a convicted felon," Miller was sentenced as a first offender.

*The June 2023 incident.* It appears from the transcript in two of the hearings and from Miller's admissions in judicio that the alleged aggravated assault occurred in June 2023. An investigator with the Richmond County Sheriff's Office testified that he saw video surveillance footage in which Miller got into an argument with a victim, pulled out a handgun, and fired it without hitting the victim. The investigator identified Miller in court, testifying that although he had never seen Miller in person prior to the hearing, he had seen Miller's face in the surveillance video. The investigator testified that although police had a copy of the surveillance video, he did not have it with him at the hearing. No video was tendered into evidence and no explanation offered for its absence. Upon learning that the investigator did not have the video, Miller's counsel asked the investigator to draw the scene he had observed in the video, including asking the investigator to use "stick figures" to show the position of Miller and the victim as depicted in the video. The drawing was admitted into evidence at Miller's request. The State was unable to get the victim to testify and presented no other witnesses related to the aggravated assault.

*The August 2023 incident.* A deputy with the Richmond County Sheriff's Office testified that he was patrolling the Broad Street area of Augusta when he responded

to an officer who had conducted a traffic stop of a 2018 Dodge Challenger which Miller had been driving. The deputy identified Miller in the courtroom as the man he had seen at the traffic stop. Three firearms were recovered from the vehicle Miller was driving. A Taurus .38 Special was in the glove box. A Taurus G-3 and a Taurus PT were also in the vehicle. The deputy testified that one of these guns was under the passenger seat, but did not identify which one; there was no testimony regarding the location of the third gun.

Following the hearings, the trial court issued an order finding Miller had violated the terms of his probation "in the following particulars: [p]ossession of a firearm by [a] convicted felon, [p]ossession of [a] knife during crime, [a]ggravated [a]ssault, [f]ailure to maintain lane, [i]mpeding [t]raffic, [o]pen container liquor violation, DUI[.]" The trial court revoked Miller's probation, vacated his first offender status, and resentenced him to 65 years in confinement. Miller appeals.

1. Miller first argues that the trial court erred by improperly relying on the investigator's testimony about the contents of the security footage from the June 2023 incident. As outlined below, Miller raises three contentions in this regard, but points

to nothing in the record showing that he objected on these bases in the trial court. We find no error.

(a) Miller contends that the investigator's testimony about the contents of the video violated the best evidence rule, OCGA § 24-10-1002, which provides that, "[t]o prove the contents of a writing, recording, or photograph, the original writing, recording, or photograph shall be required."

Miller failed to raise any objection on this basis. Even under a plain error analysis,[3] however, Miller has affirmatively waived this contention. Our Supreme Court has established a four-pronged test to satisfy the plain error standard:

> First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the

---

[3] Miller does not raise the issue of plain error in his appellate briefing. Nonetheless, we are permitted to take notice of plain errors affecting substantial rights even if not raised in the trial court. See *Ceballos v. State*, 345 Ga. App. 714, 719 (2) (a) (815 SE2d 89) (2018).

> error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citation and punctuation omitted.) *Gates v. State*, 298 Ga. 324, 327 (3) (781 SE2d 772) (2016). "Satisfying all four prongs of this standard is difficult, as it should be." (Citation and punctuation omitted.) *Hood v. State*, 303 Ga. 420, 426 (2) (a) (811 SE2d 392) (2018).

Here, as outlined above, upon learning that the video had not been brought to court, Miller asked the investigator to draw what he had seen in the video on a piece of paper, elicited testimony related to the sketch depicting what the officer saw in the video, and then asked that the sketch be admitted into evidence. Miller has thus affirmatively waived and intentionally relinquished any claim that the trial court erroneously deviated from the best evidence rule in allowing the investigator to testify about the contents of the video, especially given Miller's solicitation of that testimony. See generally *Faust v. State*, 302 Ga. 211, 216 (3) (805 SE2d 826) (2017) (finding intentional relinquishment of any claim that trial court erred in instructing the jury on robbery where defendant agreed to inclusion of such charge); see also *Almeda v. State*, 348 Ga. App. 576, 578 (1) (b) (824 SE2d 72) (2019) ("Not having objected on the

7

ground that the testimony did not rely on the best evidence, [Miller] has waived this argument on appeal."). Miller has intentionally relinquished or waived any claim that the trial court deviated from the best evidence rule. We find no plain error.

(b) Miller asserts that the investigator lacked the personal knowledge necessary to authenticate the video, citing OCGA § 24-6-602 (providing that a "witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of such matter") and OCGA § 24-9-901 (a), (b) (1) generally (providing, inter alia, that identification or authentication are conditions precedent to admissibility, and an example of such is a knowledgeable witness's testimony that a matter is what it is claimed to be). As noted above, the video was not admitted into evidence. Thus, there was nothing to authenticate. See generally *Brown v. State*, 247 Ga. App. 741, 743 (1) (545 SE2d 114) (2001) (determining that where a document is not admitted into evidence, there is no need to authenticate it); see also *United States v. McKenzie*, 505 Fed.Appx. 843, 846 (11th Cir. 2013) (finding that "because the video recording was not admitted into evidence, it was not required to be authenticated" under the Federal Rules of Evidence). This argument fails.

(c) Finally, Miller argues that there was neither admissible nor credible evidence from the investigator identifying him as the perpetrator of the shooting incident. First, the unobjected-to evidence from the investigator, as outlined above, was admissible as we determined in Division (1) (a). Second, it is well settled that, "[i]n a probation revocation, issues of witness credibility are reserved for the trial court." (Citation and punctuation omitted.) *Beavers v. State*, 346 Ga. App. 373, 377 (1) (816 SE2d 384) (2018). We find no error.

2. Miller argues that the trial court erred in relying on hearsay testimony from the police officer that Miller was the driver of the vehicle and possessed a firearm or firearms during the August incident. Miller contends that a different officer actually found the weapons and that Miller was outside the car when the officer who testified arrived on the scene. Miller, however, does not show that he raised or even received a ruling on any contemporaneous hearsay objection, nor is it clear that the testimony he now takes issue with was hearsay. We find no error.

OCGA § 24-8-802 provides that "if a party does not properly object to hearsay, the objection shall be deemed waived, and the hearsay evidence shall be legal evidence and admissible." Absent such an objection, we have the discretion to conduct a plain error review.[4] See *Gates*, 298 Ga. at 327 (3) (outlining the four prongs of plain error review).

> In this case, [Miller] failed to meet the second prong, showing an error that was clear and not open to reasonable dispute, because it is not clear that the testimony he challenges was hearsay. Hearsay is an out-of-court statement that a party offers into evidence to prove the truth of the matter asserted therein, and such a statement generally is inadmissible at trial.

(Citation and punctuation omitted.) *Hassan v. State*, 318 Ga. 673, 677-678 (1) (899 SE2d 693) (2024).

The evidence shows that the officer testified that Miller was the driver of the vehicle. Further, the officer's testimony indicated he was present and saw the other officer find the weapons in the car. In the instant case, as the Supreme Court found in *Hassan*, the officer never "expressly repeated the out-of-court statements of any other person." Id. at 678 (1). Although it is clear that the testifying officer spoke with

---

[4] Again, Miller does not raise the issue of plain error in his appeal.

another officer at the scene, the latter of whom actually stopped Miller's vehicle and found the guns, the testifying officer in the instant case

> did not specify what that other [officer] told him or how he developed familiarity with the investigation. Given that, it was not so obvious that the evidence was hearsay such that the trial court should have intervened sua sponte to exclude the testimony. Because [Miller] has not shown that allowing the testimony at issue was a clear error that was not open to reasonable dispute, [we find no] plain error . . . .

Id. (finding no plain error despite defendant's assertion that detective's testimony indicating he was "familiar" with various facts of an investigation was hearsay, where detective never directly repeated anyone else's statements and did not discuss how he obtained the information). The trial court did not plainly err.

3. Miller argues that even if the officer's testimony is admissible, it is insufficient to show he had constructive possession of the firearms and, as such, was insufficient to support the revocation of his probation. We disagree.

In his application for discretionary review, Miller did not enumerate this as error. "An application for discretionary review must enumerate the errors to be urged on appeal, OCGA § 5-6-35 (b), and so, when we grant discretionary review, it necessarily is limited to the errors actually enumerated in the application."

(Punctuation and footnote omitted.) *Zekser v. Zekser*, 293 Ga. 366, 369 (2) (744 SE2d 698) (2013); accord *Murphy v. State*, 370 Ga. App. 738, 747 (4) (899 SE2d 307) (2024).

> In cases in which an appellant has attempted to raise additional errors beyond the limited scope of discretionary review — whether limited only by the enumeration of errors in the application or limited further by the express direction of the Court — we have declined to consider those additional claims of error.

*Zekser*, 293 Ga. at 369 (2). Because this contention is not properly before us, see *Murphy*, 370 Ga. App. at 747 (4), we do not consider this additional claim of error.

4. Finally, Miller argues in a three-sentence enumeration containing no citation to the record or to any authority that although the trial court's order found he had committed the offenses of driving under the influence, open container, failure to maintain lane, and impeding traffic, no evidence "from any of the witnesses" supported this finding. The State's brief does not address this contention.

Miller's enumeration does not comply with Court of Appeals Rule 25 (a) (7), which requires that, "[a]t a minimum, the appellant's brief must include . . . [citation of] the authorities relied on . . . ." Nor does it include any specific reference to the

record or transcript. Court of Appeals Rule 25 (d) (1) (i). "Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (d) (1). Because of the limited size of the record in this appeal, however, we have chosen to exercise our discretion to consider this contention. *Huynh v. State*, 358 Ga. App. 317, 319, n. 6 (855 SE2d 63) (2021).

Miller's assertion is correct: We could find no evidence in the appellate record related to the alleged offenses of driving under the influence, open container, failure to maintain lane, and impeding traffic. To the extent that the trial court revoked Miller's probation based upon these alleged offenses, it abused its discretion and we reverse its finding on this point. See *Alexander v. State*, 371 Ga. App. 532, 538 (2) (901 SE2d 584) (2024) (finding error where trial court revoked a defendant's probation despite no evidence defendant had committed a particular new crime).

In sum, we affirm the trial court's finding that Miller committed the new offenses of possession of a firearm by a convicted felon (two counts) and aggravated assault.[5] We reverse the trial court's determination that Miller committed the new offenses of driving under the influence, open container, failure to maintain lane, and

[5] Again, Miller makes no argument on appeal regarding the alleged new offense of possession of a knife. See footnote 1, supra.

impeding traffic, as there is no evidence to support these findings. Accordingly, "[b]ecause the revocation of probation is a matter within the discretion of the trial court, we vacate the trial court's order and remand this case to the trial court in order that it may consider in its discretion what penalty to impose" based upon Miller's remaining new offenses. See *Brown v. State*, 294 Ga. App. 1, 6 (3) (668 SE2d 490) (2008) (vacating and remanding probation revocation case with instruction for the trial court to consider what penalty to impose where the evidence supported only that the appellant committed one new crime and the trial court found that the evidence supported revoking the appellant's probation based on the commission of two new crimes).

*Judgment affirmed in part, reversed in part, vacated in part, and case remanded with direction. Doyle, P. J., and Watkins, J., concur.*